# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-CR-0379 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| DEMETRIUS MOORE, | |
| | MEMORANDUM OPINION ABND |
| Defendant. | ORDER |

This matter is before the Court on Defendant Demetrius Moore's Motion for Bond for Medical Treatment filed on 7/3/21 ("Defendant's Motion"). (Doc. No. 12.) The United States of America requested that it be given until July 16, 2021 to file a response to Defendant's Motion, which the Court granted. On July 16, 2021, the United States filed its Response to Defendant's Motion ("the Government's Response"). (Doc. No. 14.) As of the date of this Order, Defendant has not filed any reply in support of Defendant's Motion. For the reasons set forth below, Defendant's Motion is DENIED.

In Defendant's Motion, Defendant requests that he be released from custody "in order to receive necessary medical treatment." (Doc. No. 12, PageID # 38.) According to Defendant's Motion, Defendant has been undergoing a bone transplant for limb salvage of his left leg since October of 2020, or for several months prior to his arrest on, and detention since, June 10, 2021 associated with this case. Defendant represents that he has a leg device that requires daily pin care to prevent infection, and "[m]ore importantly, he needs routine appointments to ensure his progress

is not compromised." (*Id.*) Defendant contends that if his legal is not treated properly, he is at risk of losing it and therefore, he requests the opportunity to receive treatment in the community "where he would have access to his needed routine doctor visits." (Doc. No. 12, PageID 39.) Defendant represents that if he is released on bond, he will submit to reasonable conditions, including home confinement at a "proposed residence" but does not identify the location of that residence or its owners/occupants. (Doc. No. 12, PageID # 39.) Defendant also claims that he is not a flight risk or a danger to the community under 18 U.S.C. § 3142. (*Id.*)

While Defendant claims that he is not a flight risk and danger to the community, in the Government's Response, the Government points to Magistrate Judge Greenberg conclusion to the contrary, even after considering information and argument associated with Defendant's medical condition. (Doc. No. 43, PageID # 42-43.) Specifically, Magistrate Judge Greenberg found that "based upon Defendant's criminal active[ity] while on supervision, his multiple violations of supervised release, his history of weapons use, his pattern of similar criminal activity, his lack of stable residence, and his unexplained financial resources, no condition or combination of conditions exist that would reasonably ensure the safety of the community or Defendant's appearance." (Doc. No. 10: Order of Detention, PageID # 31.) The Court agrees with Magistrate Judge Greenberg's finding.

As the Government correctly asserts, the only new information that Defendant raises in Defendant's Motion is his claimed need for medical treatment outside of NEOCC where he is being detained, but that information does not have a material bearing on whether he is a danger to the community and a flight risk, as required by 18 U.S.C. § 3142(f), so as to reopen the detention hearing. Indeed, Defendant is claiming that he can not and has not had the medical treatment of his leg that he needs, but has not submitted any documentation or evidence associated with his

claims. However, the Government's counsel conferred with Defendant's counsel who informed her that Defendant had seen a doctor at NEOCC, Dr. James Giovino. According to the Government's counsel, "Dr. Giovino stated that Defendant has received ongoing care via 'daily nursing dressing changes, three on-site medical provider office visits in the last month, and outside orthopedic surgeon follow-up (the most recent of which was 6/24/21).'" (Doc. No. 14, PageID # 43.) Also, according to counsel for the Government, Dr. Giovino also informed her that: "the NEOCC medical team scheduled an orthopedic follow-up appointment for Defendant for July 6, 2021, but Defendant Moore refused the appointment, stating he did not want to quarantine after the visit"; "Defendant refused the COVID-10 vaccine that NEOCC offered to him, which would obviate the need to quarantine"; and "Defendant Moore has now agreed to a COVIC-10 vaccine, and a follow-up appointment with the orthopedist is scheduled for September 9, 2021, the first available time after Defendant will have completed the vaccination process and not need to quarantine." ((*Id.*) Finally, the Government's attorney has been advised by NEOCC that a sooner appointment could be scheduled if Defendant More would agree to a sooner appointment prior to being fully vaccinated, through quarantine would be necessary.

The Court finds that Defendant's medical needs are being met at NEOCC, and but for declining the vaccination, but more importantly, deciding he did not want to quarantine, his consultation with the orthopedic surgeon would have occurred on July 6, 2021. Although Defendant is now willing to receive the COVID-19 vaccination, he still appears to unwilling to quarantine so as to obtain more quickly, the medical treatment that he claims necessitates releasing him on bond. This demonstrates to the Court that not quarantining is more important to Defendant than the medical treatment in the community that he claims is necessary and urgent and requires his release.

Accordingly, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Date: July 27, 2021

                                          *s/Pamela A. Barker*
                                          PAMELA A. BARKER
                                          U. S. DISTRICT JUDGE